356 So.2d 501 (1977)
HIWAY ADS, INC.
v.
STATE of La., Through the DEPT. OF HIGHWAYS.
No. 11651.
Court of Appeal of Louisiana, First Circuit.
December 28, 1977.
*502 J. Michael Stefanski, Crowley, of counsel, for plaintiff-appellant.
Jonathan C. Harris, Baton Rouge, of counsel, for defendant-appellee.
Before LANDRY, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
Hiway-Ads, Inc. brought this suit against the Department of Highways demanding compensation for certain signs along Interstate Highway 10 which it removed in October, 1972, after demand by the Department pursuant to R.S. 48:461.7. However, by supplemental and amending petition, it was averred: "That the name of the original petitioner HIWAY ADS, INC., be deleted and that LOUIS BELTON COMEAUX, a person of full age of majority and domiciled in the Parish of Acadia, be amended as the proper petitioner and party plaintiff." The suit went forward with Comeaux as plaintiff and judgment was rendered in favor of defendant on its motion for summary judgment. At the same time plaintiff's motion for partial summary judgment on the question of liability was rejected. Comeaux thereupon filed a Motion for New Trial on Plaintiff's and Defendant's Motions for Summary Judgment. The motion was granted. After the new trial, judgment was once again entered for defendant rejecting plaintiff's demands. We affirm.
Both Hiway-Ads, Inc. and Louis Belton Comeaux appealed from this judgment. On our own motion we issued an order to Hiway-Ads, Inc. to show cause, by brief, why its appeal should not be dismissed, since it appeared not to have an interest. C.C.P. 2086. Hiway-Ads, Inc. did not respond. We therefore dismiss its appeal. There is nothing of record to show any interest on its part which is connected in any way with Comeaux's action against the Department of Highways. C.C.P. 1091. All the averments have been amended to recognize Comeaux as the owner of the signs in question. We therefore need only consider the appeal of Comeaux.
*503 Three issues are presented for our determination: (1) what is the effective date of Act 474 of 1966 (presently R.S. 48:461, et seq.)? (2) what is the meaning of R.S. 48:461.4(d)? and (3) is R.S. 48:461, et seq. a constitutional exercise of the police power of the state?
It is undisputed that the signs in question are located "within six hundred sixty feet of the nearest edge of the right of way and visible from the main traveled way of the interstate." R.S. 48:461.2. The first issue is whether they were erected prior to the effective date of the provisions. If they were, Comeaux is entitled to just compensation for their removal. R.S. 48:461.6. This statute was adopted in the 1966 Regular Session of the Louisiana Legislature. Absent a contrary legislative intent it would therefore have become effective on the twentieth day after the legislature adjourned, i.e., July 27, 1966. La. Const. Art. 3, § 27 (1921). Plaintiff argues that the statute, although not specifically stating a special effective date, evidences a legislative intent that it not become effective until the Department of Highways promulgated regulations thereunder and entered into a compliance agreement with the U.S. Department of Transportation. It is apparent that a compliance agreement and regulations were contemplated in the adoption of the statute. See R.S. 48:461.3, 461.4, 461.15. However, we believe that the statute is sufficiently detailed to be effective before either of these events.
"If our Legislature had intended that the effective date of this statute be delayed until the Department of Highways issued its regulations regarding permits, or until the Secretary of Commerce issued his final regulations, or until the compliance agreement was signed, then it would have been a simple matter for the Legislature to state in the statute that it would not become effective until these were accomplished by the respective agencies. In the absence of such an express provision in the statute as to a special effective date, these provisions do not show a clear legislative intent that the effective date of the statute be postponed." State, Through the Department of Highways v. Lamar Advertising Co., 304 So.2d 779, 785 (La.App. 3rd Cir. 1974), writ denied 305 So.2d 539 (La.1975).
Plaintiff especially argues that Act 546 of 1972 which added an additional paragraph to R.S. 48:461.6 evidences a clear legislative intent that all signs erected before January 31, 1972, were lawfully erected. This provision provides:
"However, notwithstanding the above provisions, such payment shall be made by the department upon the removal of any sign, display or device erected along the interstate or primary systems prior to January 31, 1972 if seventy-five percent of the cost thereof is made available from federal sources."
We do not believe that this provision helps plaintiff's case. Although the provision states that payment shall be made upon the removal of any sign, it qualifies this by requiring that seventy-five percent of the cost be made available from federal sources. Funds are only available from federal sources for removal of lawfully erected signs. 23 U.S.C. § 131. Therefore, it is apparent that Act 546 of 1972 did not grant plaintiff any additional rights.
We next must determine the meaning of R.S. 48:461.4(d). The absolute prohibition of the statute does not apply to signs in "unzoned commercial or industrial areas." R.S. 48:461.2(e). Signs in these areas are regulated by R.S. 48:461.4. The land on which the signs in question were found are asserted by plaintiff to be "unzoned commercial or industrial areas." Plaintiff requested the trial court to make this determination. The trial judge found that the signs were unlawfully erected. He held that the statute implies that the judicial determination of permissible areas for signs must be made prior to the erection of the sign. If this is not done the sign is considered unlawful. We are in accord with this statutory interpretation. The statute with its provisions for the issuance of permits for signs in accepted areas certainly envisions a prior judicial determination of the areas accepted under R.S. 48:461.4(d).
*504 We next come to plaintiff's constitutional arguments. He argues first that the statute contains arbitrary distinctions in that it applies only to landowners and tenants whose land borders interstate highways and federal aid primary routes and in that it exempts signs advertising on premises activities. The statute is certainly not invalid under the Louisiana Constitution. It was specifically "validated and ratified" thereby. La.Const. Art. 6, § 19.3 (1921). The test to be used under the U.S. Constitution has recently been stated by the U.S. Supreme Court.
"When local economic regulation is challenged solely as violating the Equal Protection Clause, this Court consistently defers to legislative determinations as to the desirability of particular statutory discriminations. See, e. g., Lehnhausen v. Lake Shore Auto Farts Co., 410 U.S. 356, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973). Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest. States are accorded wide latitude in the regulation of their local economies under their police powers, and rational distinctions may be made with substantially less than mathematical exactitude. Legislatures may implement their program step-by-step, Katzenbach v. Morgan, 384 U.S. 641, 86 S.Ct. 1717, 16 L.Ed.2d 828 (1966), in such economic areas, adopting regulations that only partially ameliorate a perceived evil and deferring complete elimination of the evil to future regulations. See, e. g., Williamson v. Lee Optical Co., 348 U.S. 483, 488-489, 75 S.Ct. 461, 464-65, 99 L.Ed. 563 (1955). In short, the judiciary may not sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines, see, e. g., Day-Brite Lighting, Inc. v. Missouri, 342 U.S. 421, 423, 72 S.Ct. 405, 407, 96 L.Ed. 469 (1952), in the local economic sphere, it is only the invidious discrimination, the wholly arbitrary act, which cannot stand consistently with the Fourteenth Amendment. See, e. g., Ferguson v. Skrupa, 372 U.S. 726, 732, 83 S.Ct. 1028, 1032, 10 L.Ed.2d 93 (1963). "(footnote omitted) City of New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 2516-2517, 49 L.Ed.2d 511 (1976).[1]
In Dukes, the Supreme Court found that the city ordinance which prohibited pushcart vendors from operating in the French Quarter unless they had been engaged in such business for over eight years, was constitutional. The court found that the City Council could reasonably find that pushcart vendors disrupted the charm and beauty of the French Quarter. In proceeding against this problem the Council need not abolish all pushcart vendors. "[R]eform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind." Williamson v. Lee Optical Co., 348 U.S. 483, 75 S.Ct. 461, 465, 99 L.Ed. 563 (1955).
In applying this test to our factual situation, we find that the legislature could reasonably find that regulation and restriction of outdoor advertising "promoting the public safety, health, welfare, convenience and enjoyment of public travel, * * * protect the public investment in public highways, and * * * preserve and enhance the scenic beauty of lands bordering public highways." R.S. 48:461. We likewise find the distinctions drawn by this statute to be reasonable. There is a distinction between on premises signs and other signs. The signs on the premises are part of the business itself whereas other signs are a separate business. E. B. Elliott Advertising Co. v. Metropolitan Dade County, 424 F.2d 1141 (5th Cir. 1970). In any event, we find the regulations sustainable as a *505 "one step at a time" reform. The regulation of only some highways is sustainable for the same reason.
Plaintiff also argues that the statute deprives him of his property without just compensation. This argument is untenable when viewed in light of our determinations of the other issues. We have found that the plaintiff's signs were erected unlawfully. The state is certainly not constitutionally compelled to compensate a person for the removal of property which he has erected in contravention of valid law.
For the reasons assigned, the judgment is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] We believe that Linmark Associates, Inc. v. Township of Willingboro, 431 U.S. 85, 97 S.Ct. 1614, 52 L.Ed.2d 155 (1977) is inapposite. The regulation here involved was "unrelated to the suppression of free expression." See 97 S.Ct. at 1619 n. 7 and cases therein cited.