LOTTINGER, Judge.
This is a class action suit to permanently enjoin the State of Louisiana through the Department of Transportation and Development (DOTD) from removing outdoor advertising signs along the federal interstate highway system in Louisiana. From a judgment overruling the defendant’s exception of no right of action and granting a preliminary injunction, defendant has appealed.
Plaintiffs are lessees of certain signs located along Interstate 55 near Hammond. They seek to represent other lessees in the state who are similarly situated. Acting under the provisions of La.R.S. 48:461 et seq. — the state version of federal highway beautification legislation — DOTD seeks to compel removal of a number of advertising signs leased by the plaintiffs. The plaintiffs contend that the state legislation, Act 187 of 1978,[1] by exempting from removal some signs which were lawfully erected pri- or to May 5,1976, denies them equal protection of the laws because the exemption does not apply to their signs, which they admit were unlawfully erected. They seek to permanently enjoin enforcement of the law based on their equal protection claim.
The defendant, DOTD, has assigned various specifications of error; however, the ultimate issue that must be decided by this court is the constitutionality of Act 187 of 1978.
*1319 The plaintiffs claim the statute is unconstitutional in that it provides an exemption from removal only for those signs lawfully erected prior to May 5, 1976. Admitting that their signs were unlawfully erected, the plaintiffs contend nonetheless that the statute creates an arbitrary and unreasonable distinction between lawful and unlawful signs.
The law has always discriminated against illegal conduct vis-a-vis legal conduct. The plaintiffs cannot claim that they were constitutionally discriminated against because their unlawful conduct is treated differently than someone else’s lawful conduct. Also untenable is plaintiffs’ claim that the legislation discriminates against different types of unlawful conduct, because in fact it does not. All unlawful conduct is accorded the same treatment under the highway beautification provisions: All unlawful signs must be removed, regardless of when they were constructed.
Act 474 of 1976, which now appears as La.R.S. 48:461 et seq., the original state highway beautification act, has withstood the constitutional test in State Through Department of Highways v. National Advertising Co., 356 So.2d 557 (La.App. 3rd Cir. 1978) and Hiway Ads, Inc. v. State Through Department of Highways, 356 So.2d 501 (La.App. 1st Cir. 1977).
The exemption of Act 187 of 1978 which is under attack here provides that the signs must have been lawfully erected prior to May 5,1976, to be eligible for the exemption from removal. Plaintiffs, of course, concede their signs were never lawfully erected. But be that as it may, we find that the legislature had a reasonable basis for the May 5, 1976 cutoff date. When neither a fundamental right nor a suspect class is involved, the courts usually defer to the legislature to balance the advantages and disadvantages, reasonableness and unreasonableness of legislative requirements that may treat differently those who are similarly situated. See Williamson v. Lee Optical of Oklahoma, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955).
Since we conclude that Act 187 of 1978 is constitutional, there is no need to discuss any of the specifications of error as assigned by the defendant, for the plaintiffs do not come within the exemption of the Act, and thus their suit for injunctive relief should have been dismissed.
Therefore, for the above and foregoing reasons the judgment of the trial court is reversed and rendered in favor of defendant, State of Louisiana, Through the Department of Transportation and Development, and against the plaintiffs, Inn of Hammond, Inc., and Ardillo, Inc., individually and on behalf of all others similarly situated, and their suit is dismissed with prejudice. All costs are to be paid by plaintiffs-appellees.
REVERSED AND RENDERED.
APPENDIX A
Act No. 187 of 1978, Regular Session:
AN ACT
To amend and reenact Sections 461.6 and 461.21 of Title 48 of the Louisiana Revised Statutes of 1950 and to amend Title 48 of the Louisiana Revised Statutes by adding thereto a new section to be designated as R.S. 48:461.23, all relative to the control of outdoor advertising along federal aid interstate or primary systems of highways; to provide for schedule and priority in removal of signs; for exemption of certain signs, and to provide otherwise with respect thereto.
Be it enacted by the Legislature of Louisiana:
Section 1. Section 461.6 of the Louisiana Revised Statutes of 1950 is hereby amended and reenacted to read as follows:
§ 461.6. Compensation for removal of advertising and priorities for removal of advertising
A. The department shall acquire by donation, purchase, lease, exchange or expropriation and, where required by state or federal law, shall pay just compensa *1320 tion upon the removal of the following outdoor advertising signs, displays and devices:
(a) Those lawfully in existence on the effective date of this Part;
(b) Those lawfully on any highway made a part of the interstate or primary systems on or after the effective date of this Part and before January 1,1968; and
(c) Those lawfully erected on or after January 1, 1968.
Such just compensation is authorized to be paid only for the taking from the owner of such sign, display or device of all right, title, leasehold and interest in such sign, display or device; and the taking from the owner of the land on which the sign, display, and device is located of the right to erect and maintain such signs, displays and devices thereon.
However, notwithstanding the above provisions, such payment shall be made by the department upon the removal of any sign, display or device erected along the interstate or primary systems prior to January 31, 1972 if seventy-five percent of the cost thereof is made available from federal sources.
For the purposes of this Section just compensation shall mean payment in cash. The use of amortization for whatever period shall not constitute just compensation.
Notwithstanding any provision of the law to the contrary, should the state or any of its political subdivisions expropriate any off-premise advertising signs legally in existence as of August 11, 1978 just compensation as defined herein shall be paid.
B. The department shall schedule and program the acquisition and removal of outdoor advertising signs, displays, and devices, required or to be acquired under this Section, in accordance with the following order of priority:
(1)Hardship acquisitions, the voluntary sales where owners desire an expeditious removal of their legal nonconforming signs, and other situations which suggest expeditious action to avoid hardships and conflicts; provided, however, that any owner desiring to make such sale so advise the department within one hundred eighty days of the effective date of Paragraph B of this Section.
(2) All other except for tourist oriented directional advertising as hereafter defined.
(3) Tourist oriented directional advertising is defined to be those signs providing directional information about facilities in the state of Louisiana providing services or goods of particular interest to the motorist while traveling such as, but not limited to food, lodging, gasoline, oil, automotive services, camp grounds, trailer parks, truck stops, resorts, tourist attractions, churches and religious services.
Section 2. Section 461.21 of the Louisiana Revised Statutes of 1950 is hereby amended and reenacted to read as follows:
§ 461.21. Limitation of outdoor advertising devices
In the event that the owner of an unlawful advertising sign fails or refuses to remove the sign after the thirty day notice from the department, as specified in Section 461.7, the department is authorized to give notice to the property owner and to enter upon the property whereon the sign is located and to dismantle and remove the unlawful sign from the premises, at the risk of the sign owner, to store the sign and to collect from the sign owner the cost of dismantling, removing, transporting, and storing the sign.
Section 3. Title 48 of the Louisiana Revised Statutes of 1950 is hereby amended by adding a new section thereto, to be designated as Section 461.23, to read as follows:
§ 461.23. Economic Hardship Exemptions
A. Outdoor advertising signs, displays and devices which provide directional information about goods and services in the interest of the traveling public, and are such that removal would work a substantial economic hardship in a defined area, and which were in existence on May 5, *1321 1976, are exempt from the provisions of this Part and may be retained in the defined area, if approved by the Federal Highway Administration, pursuant to 23 C.F.R. § 750.501 et seq.
B. A defined area, as used herein, is an area within clearly established geographical boundaries, ascertainable with reasonable certainty, which can be evaluated as an economic entity.
C. Signs exempted under this Section must meet with following requirements:
(1) Have been lawfully erected prior to May 5, 1976, and must continue to be lawfully maintained;
(2) Continue to provide the directional information to goods and services offered at the same enterprise in the defined area in the interest of the traveling public that was provided on May 5, 1976.
D. The department is authorized and directed to adopt and promulgate rules and regulations, within ninety days from the effective date hereof, for the administration and implementation of this Section, establishing and defining:
(1) Requirements for the directional content of signs to qualify the signs as directional signs to goods and services in defined areas;
(2) A method of economic analysis showing that the removal of signs would work a substantial economic hardship throughout the defined area.
E. Upon receipt of a petition, declaration or resolution from any state, parish or municipal agency, or subdivision, or from any industry association or trade association containing more than fifteen members, asserting or claiming that the removal of such signs providing directional information about goods and services in the interest of the traveling public, are such that removal would work a substantial economic hardship in a defined area, the department shall make appropriate application to the Federal Highway Administration for the exemption of such signs under the provision of 23 USC 131(o), and in accordance with Part 750, Title 23 of the Code of Federal Regulations, or in accordance with the appropriate federal statutes and regulations required to apply for exemption of such signs from federal control of outdoor advertising.
Section 4. All laws or parts of laws in conflict herewith are hereby repealed.
Section 5. If any provision or item of this Act or the . application thereof is held invalid, such invalidity shall not affect other provisions, items or applications of this Act which can be given effect without the invalid provisions, items or applications, and to this end the provisions of this Act are hereby declared severable.
Section 6. The effective date of this Act shall be August 11, 1978.

. For the full text of Act 187 of 1978, see Appendix “A.”