CURRAULT, Judge.
This appeal originates in the Fortieth Judicial District Court, Division “B”, Parish of St. John the Baptist, wherein the Honorable Thomas J. Malik rendered judgment in favor of plaintiffs for Six Thousand Four Hundred Ninety-Eight Dollars and Sixteen Cents ($6,498.16) and against defendants for defendants’ wrongful removal of plaintiffs’ outdoor advertising sign. We reverse.
Moliere Furniture and Appliance Company constructed a large sign advertising their place of business sometime in 1972. The sign was erected some thirty feet from the Highway Department’s right-of-way which placed it approximately forty feet from U.S. Highway 61 (Airline Highway) at its intersection with Central Avenue in the Reserve, Louisiana area.
On February 15, 1978, the State of Louisiana, through the Department of Highways, addressed a certified letter with return receipt requested to Moliere Furniture informing them that their sign was in violation of LSA-R.S. 48:461.7 and that they were required to remove their sign. The letter clearly stated that failure to remove the sign within thirty days would necessitate the Department undertaking the removal.
On May 15, 1978, a certified letter, return receipt requested, was sent to J. Alvin Garon, Sr., D.V.M., the owner of the property upon which the Moliere sign was situated. This letter informed Dr. Garon that the owners of the sign had been contacted regarding its removal and more than thirty days had elapsed since notification. The letter further declared that the Department intended to enter upon his property where the sign was situated and remove it.
In May, 1980, some twenty-six months after Moliere Furniture had been notified, the Department of Highways went upon Dr. Garon’s property and removed the Moliere sign. Wilbert and Kevin Moliere, owners of Moliere Furniture, filed suit against the State of Louisiana, Department of Transportation and Development and Office of Highways for damages for the tor-tious conversion of their property.
After a full trial on the merits, the trial court rendered judgment in favor of petitioners for Six Thousand Four Hundred Ninety-Eight Dollars and Sixteen Cents ($6,498.16). Defendants have appealed asserting as error: the trial court erred in finding the State of Louisiana guilty of tortious conversion and/or negligence resulting in damages to the petitioners.
In his reasons for judgment, the trial judge specifically found:
that (1) “... the sign in question was erected in 1972 some four years prior to *493 the passage of Act 474 of 1976 [which now appears as LSA-R.S. 48:461 et seq.], which ... [was] to be the cut-off date for the erection of otherwise illegal advertising.”; and that
(2)“... the Highway Department letter of notice, dated February 15, 1978, ... amounted to no notice whatsoever.”
The Department of Transportation is charged by law, LSA-R.S. 48:461 et seq., with the control of outdoor advertising adjacent to interstate and primary highway systems within the State of Louisiana. LSA-R.S. 48:461 et seq., also known as the Highway Beautification Act, was added to Title 48 by Act No. 474 of 1966. As there is no express provision in the statute for a special effective date, it became effective at the time provided by the constitution, i.e., July 27, 1966 — twenty days after the Legislature adjourned in 1966. State, Dept. of Hwys. v. Lamar Adv. Co. of La., Inc., 304 So.2d 779 (La.App. 3d Cir.1974) rehearing denied November 20, 1974; Hi-way Ads, Inc. v. State, etc., 356 So.2d 501 (La.App. 1st Cir.1977). Thus, the statute was in place prior to the erection of the Moliere sign.
The trial court incorrectly relied on Inn of Hammond, Inc. v. State, etc., 376 So.2d 1318 (La.App. 1st Cir.1979), for the conclusion that the Moliere sign was erected some four years prior to the effective date of LSA-R.S. 48:461 et seq. The court in Hammond examined the narrow issue of the effective date of Act 187 of 1978 which essentially provides for the exempting from removal some signs which were lawfully erected prior to May 5, 1976. Nevertheless, “all unlawful signs must be removed, regardless of when they were constructed.” Hammond, 376 So.2d at 1319.
The statute clearly prohibits the erection of outdoor advertising signs within 660 feet of the edge of right-of-way of the interstate or primary highways in Louisiana. There is no question that the Moliere sign was approximately forty feet from U.S. Highway 61 (Airline Highway) and thirty feet from the Highway Department’s right-of-way. The statute lists several exceptions to the general rule; but after a thorough review, we find none are applicable to appellees’ sign. Appellees’ sign was unlawful at the time it was erected and remained so until removed by appellants.
The trial court found that the certified letter, dated February 15, 1978, did not amount to notice because: (1) the letter, “incorrectly describes the sign, as well as the location, including the compass point.”; (2) the passage of some twenty-six months after the letter of notice; and (3) the appel-lees had conversations with the traffic engineer following the letter of notice.
Regardless of whatever minor discrepancies existed in the description of the Moliere sign, after reviewing the testimony of Wilbert and Kevin Moliere, we are convinced the letter of notice contained ample information sufficient to place the appel-lees on notice. This is evidenced by the fact that when a traffic engineer from the Highway Department visited appellees, approximately one month after they received the letter of notice, both appellees discussed this particular sign with him.
As to the lapse of some twenty-six months between the letter of notice and the removal of the Moliere sign, Mitchell Lopez, an engineer specialist with the Department, testified it might have been because of an injunction issued by the Twenty-First Judicial District Court, Parish of Tangipa-hoa, permanently enjoining the Department from removing outdoor advertising signs along the federal interstate highway system within the state. This injunction was issued in August, 1978, shortly after the instant letter of notice was sent out and was not dissolved until October 8, 1979, when the First Circuit Court of Appeal reversed the trial court. See Inn of Hammond, Inc., supra. Shortly after the injunction was dissolved, appellees’ sign was removed.
We find Lopez’s explanation for the delay in the removal of appellees’ sign a plausible one and do not believe twenty-six months, under the facts of this case, to be unreasonable.
*494 Accordingly, for the foregoing reasons, the judgment in favor of appellees for the tortious conversion of their property is hereby reversed with costs to be shared equally by the parties.
REVERSED.